RICHARD MAC BRIDE, SB# 199695
LAW OFFICES OF RICHARD A. MAC BRIDE
865 Marina Bay Parkway, Suite 43
RICHMOND, CA 94804
Phone 415-730-6289 Fax 510-439-2786
Attorney for Jose Daniel Castillo-Antonio

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Jose Daniel Castillo-Antonio,   )   Case Number 19-3434 WHO
                                )
         Plaintiff,             )
                                )
Vs.                             )   PLAINTIFF'S
                                )   STATUS REPORT
                                )
Arikat Darweesh, et al.,        )
                                )
         Defendants.            )

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

1. The Court issued an order on July 30, 2020 for the parties to meet and confer and conduct the site visit. (Docket #26.)

2. Former defense attorney Catherine Corfee provided an email for the defense, specifically, for Mr. Suliman Arikat. Plaintiff has ascertained that he is the president, secretary, treasurer, and agent for service of process of HMDA Inc., the defendant that was added via the first amended complaint. HMDA Inc. appears to be the owner and operator of the subject business on a day-to-day basis. On the California Secretary of State's web site, "Statement of Information" filed December 30, 2019, all addresses are listed at the subject business, 2701 El Portal Drive, San Pablo CA 94806 (i.e. street address of principal executive office, mailing address of corporation, and address for agent for service of process).

3. Plaintiff sent an email on August 4, 2020 to Suliman Arikat at the email provided by Catherine Corfee, sulimanarikat@gmail.com, proposing August 19 or September 2 for the site inspection. Plaintiff also sent a letter by US Mail to defendants Arikat Darweesh at the business address of 2701 El Portal Drive, San Pablo, CA 94806, and to defendant Yahya Korin at 872 Stanford

Ave., Oakland, CA 94608 on that same day. No answer was received. Plaintiff sent a second email and letter on August 11, 2020.

4. On August 14, 2020, Suliman Arikat called plaintiff from phone number 510-685-3363 to say that plaintiff and his expert could come do the inspection any time that they liked. Plaintiff's counsel conferred with his expert and texted Suliman Arikat on August 14 that they wanted to do the inspection on August 19, 2020 at 1:30 pm. No answer was received. On August 18, 2020, plaintiff's counsel again texted Suliman Arikat to alert him to August 19. No reply came.

5. On August 19, 2020, at 1:30 pm, plaintiff's counsel and plaintiff's expert Roberto Cortez went to the business address at 2701 El Portal Drive and began to inspect the parking lot. As this was going on, Suliman Arikat came out of the store and began to shout insults and vulgar words at plaintiff's counsel and his expert. He stated that he had not agreed to any inspection, that we should get off the property immediately, and that he was not going to allow any inspection ever, because he was not obligated to. Plaintiff's counsel pointed out General Order No. 56, that requires an inspection, and stated that plaintiff's counsel was going to report this refusal to the Court. Suliman Arikat, with more harsh words and insults, said go ahead and report it.

6. Plaintiff's counsel filed a status report reporting what happened at the attempted site inspection. (Docket #27.) The court issued a Second Order on August 21, 2020 (Docket #28), ordering defendants to comply with General Order No. 56 to allow Castillo-Antonio to conduct the joint site inspection.

7. Plaintiff's counsel sent a copy of this Second Order to defendants via US Mail. Plaintiff's counsel also sent a letter on September 1, 2020, explaining the court's order and suggesting September 16 or 23, 2020 for the site inspection.

8. On September 2, 2020, plaintiff's counsel received a letter from attorney Frank L. Tridente dated September 1, 2020.[1] It is not clear whether Mr. Tridente is taking over the formal

---

[1] Attorney Frank L. Tridente has never been counsel of record, but he has contacted plaintiff's counsel from time to time since the lawsuit was filed, apparently as a sort of conduit for information from defendants. He sent a letter dated September 9, 2019 to plaintiff's counsel.

representation of defendants, or whether he is just passing along some information. He stated in the letter that defendant Yahya Korin's son had asked Mr. Tridente to contact me. Mr. Tridente also stated that defendant Yahya Korin is in Yemen until December 2020. Further, he stated that defendant Korin was under the impression that defendant Darweesh was going to indemnify him (Korin), and that Darweesh was going to and handle the lawsuit. Mr. Tridente did not offer to help to set up the site inspection or otherwise indicate how setting up the site inspection could be done.

9. On September 4, 2020, plaintiff's counsel received a phone call from 415-309-0794 from someone who identified himself as a relative of Suliman Arikat. (As stated above, Suliman Arikat is the president of defendant HMDA Inc.) This relative of Suliman Arikat was apparently calling in response to my letter of September 1, 2020. He stated that the defendants had hired someone to fix the barriers to disabled access, but that said person had not done a proper job, and so defendants were hiring a second person to fix the improperly-performed remedial work done by the first person. (He did not offer to provide any evidence for these assertions.)

10. I stated that the court had ordered us to conduct the site inspection. He answered that defendants want to finish the remedial work before allowing any site inspection, because in their opinion, it "did not make any sense" and would be a "waste of time" to conduct the site inspection before the barriers were removed, and that plaintiff's real motive in wanting to conduct the site inspection was in order to run up his attorney's fees. I pointed out that there was no clause in General Order No. 56, or the court's specific order, that permitted defendants to postpone the site inspection until such time as they unilaterally deemed it appropriate to do so. The caller then said that defendants expected to have everything completed in 30 days, although he could not guarantee it. I insisted that we should set up a date, but he refused to agree to conduct the site inspection until the work was finished to defendants' satisfaction, whenever that might be. There is no firm date for this to take place. In concluding the call, I told him that I would report all that he had said to the court.

11. Plaintiff's counsel has been unable to establish direct contact with defendants Yahya Korin (the property owner) and Arikat Darweesh (the owner of the fictitious business name for the

business). Neither Yahya Korin nor Arikat Darweesh has made any effort to contact me directly. Except for the period when attorney Catherine Corfee was defense counsel of record, defendants Korin and Darweesh have always worked through non-attorney intermediaries, or Suliman Arikat (the president of their co-defendant HMDA Inc.), or occasionally through attorney (not of record) Frank L. Tridente.

12. Plaintiff continues to be unable to conduct the site inspection under these circumstances, and looks to the Court for further guidance. Defendants Korin and Darweesh are ignoring me. Defendant HMDA Inc.'s president threw me off the property with insults and swear words. I am of the opinion that the defendants are simply stalling[2] and ignoring the court's order. The departure of Ms. Corfee as defense counsel caused some delay in moving this case forward, and defendants' general dilatory conduct, along with Suliman Arikat's insult-laden expulsion of plaintiff's counsel and his expert from the subject premises on August 19, 2020, has caused this case to drag on much longer than normal.

Respectfully submitted, under penalty of perjury under the laws of the State of California,

Date: September 7, 2020

Signed: Richard A. Mac Bride /s/ Richard A. Mac Bride, Attorney for Plaintiff

---

[2] My first attempt to set up the site inspection was on July 17, 2020, one month after the case was filed; I sent a letter to attorney Frank L. Tridente on that date suggesting several different dates for the inspection. Since then, plaintiff has tried repeatedly to set up the site inspection, culminating in the expulsion from the premises on August 19, 2020, as described above. Defendants have been saying for a year that they intend to fix the barriers, without providing any evidence, and without allowing a site inspection.